UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE RODGERS, JR.                          CIVIL ACTION

VERSUS

HONEYWELL INTERNATIONAL,                     NO.: 18-01067-BAJ-EWD
INC.

## RULING AND ORDER

Before the Court is the **Motion to Dismiss and Compel Arbitration Under Rule 12(b)(1) or 12(b)(3), and in the Alternative, Motion to Dismiss Under Rule 12 (b)(6) (Doc. 6)**. Plaintiff filed a response. (Doc. 17) For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

I.  BACKGROUND

Plaintiff claims that in July of 2017, Plaintiff was hired at Defendant's manufacturing plant, which specialized in producing automobile air-conditioning refrigerant. (Doc. 1 at p. 2). Plaintiff asserts that he was an hourly employee of Defendant, and that Defendant failed to pay him overtime as required by the Fair Labor Standards Act. (*Id.*)

In contrast, Defendant asserts that it and a company named BRIS-E had entered into an engineering services contract. (Doc. 6-2 at p. 3). Under the contract, BRIS-E provided services to Defendant. BRIS-E allegedly hired Plaintiff as a W-2 employee in July of 2017 and assigned Plaintiff to work at Defendant's facility. (*Id.*) Defendant asserts that BRIS-E paid Plaintiff for all of the services he performed at

Defendant's facility and determined how much he was paid. (*Id.*) In the instant motion, Defendant asserts that Plaintiff's claims are subject to an arbitration agreement, and therefore must be dismissed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is " 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the

2

elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Federal Rule of Civil Procedure ("Rule") 12(b)(3) permits a defendant to move to dismiss a case for improper venue. When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir.2007). If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(A).

## III. DISCUSSION

### A. Arbitration Agreement

Defendant asks the Court to compel arbitration of Plaintiff's claims and dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(3) for improper venue.[1] Defendant claims that Plaintiff signed an acknowledgement and receipt of the BRIS-E Dispute Resolution Plan ("Plan") as a condition of his employment with BRIS-E. Defendant asserts that the Plan requires Plaintiff to submit all claims, including those for unpaid wages, to mandatory individual arbitration. (Doc. 2 at p. 20). Defendant further asserts that the Plan

---

[1] The United States Court of Appeals for the Fifth Circuit has analyzed motions to compel arbitration under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(3). *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) (holding that a motion to compel arbitration should be analyzed under Rule 12(b)(1); *Lim Offshore Specialty Fabricators, Inc.* 404 F.3d 898, 902 (5th Cir. 2005) (holding that a motion to compel arbitration based on a forum selection clause should be analyzed under Rule 12(b)(3)). Because Plaintiff has agreed to submit to arbitration, the Court finds it unnecessary to determine which Rule provides the appropriate analysis here.

identifies BRIS-E clients and customers as third-party beneficiaries and requires Plaintiff to submit his claims against such beneficiaries to arbitration as well. *Id.*

Plaintiff agrees to submit his claims to arbitration, but asks the Court to stay rather than dismiss this action. (Doc. 17 at p. 1). The Fifth Circuit has held that if a dispute is subject to arbitration, "the proper course of action is usually to stay the proceedings pending arbitration." *Ruis v. Donahoe*, 784 F.3d 247, 248 (5th Cir. 2015). Dismissal may be appropriate when *all of the issues* raised in court must be submitted to arbitration. *Id.* In addition, a stay may be more appropriate when "the district court perceives that it might have more to do than execute the judgment once arbitration has been completed." *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 308 (5th Cir. 2003).

Here, the Plan states that the Court may order the arbitrator to modify the award. (Doc. 6-1 at p. 20-21). It also provides that the Court should determine whether the Plan's class waiver is enforceable. (*Id.* at p. 10). Accordingly, the Court concludes that its responsibilities may involve more than merely enforcing the arbitration judgment. As such, the Court will exercise its discretion to stay this matter, rather than dismiss it, pending the conclusion of arbitration.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss and Compel Arbitration Under Rule 12(b)(1) or 12(b)(3), and in the Alternative, Motion to Dismiss Under Rule 12 (b)(6) (Doc. 6)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are compelled to arbitration.

**IT IS FURTHER ORDERED** that this matter is **STAYED** for ninety days pending arbitration as set forth in the Plan. At the conclusion of the ninety-day stay, the parties may file a joint motion to continue the stay order pending the conclusion of arbitration.

Baton Rouge, Louisiana, this 23rd day of July, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA